## Young v. State Automobile Insurance Association

*Williamson & Cupp,* for plaintiff.

*Caldwell, Fox & Stoner* and *Furst, McCormick, Muir & Lynn,* for defendant.

WILLIAMS, J., December 19, 1949.—Defendant insurance company has been sued to recover $500, with interest from April 7, 1949, on an accident clause in a public liability and property damage automobile insurance policy.

The parties have agreed as to the facts and petition the court to rule as to the law, and either give judgment in favor of plaintiff, or in favor of defendant.

The following question has been submitted to the court for determination:

"Whether, under the facts hereinabove set forth and agreed upon, the plaintiff is entitled to recover under the provisions of Coverage—Medical Expense in the contract of insurance attached to this case stated as an exhibit."

The facts set forth in the case stated are that plaintiff on April 7, 1949, alighted from his automobile which was covered by the policy, went to the front of his automobile in order to open the doors of his garage, and that while there his wife inadvertently put the

automobile in motion, driving it toward the plaintiff, who, in an effort to save himself, clung to the front end of the automobile, which continued its momentum through the rear end of the garage, over and across two adjacent lots of land; that while plaintiff was on the front end of the automobile he was injured.

The accident clause reads, in part, as follows:

"To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile described in the policy if the injury arises out of the use thereof by or with the permission of the named Assured, or (2) any other automobile with respect to the use of which insurance is afforded under the 'Use of Other Automobiles Coverage'."

We must keep in mind the established rule that if a doubt exists as to the meaning of the language used in a policy of insurance it is to be so interpreted that the insured shall not be deprived of the indemnity provided for under its terms: Hesse v. Traveler's Ins. Co., 299 Pa. 125. Of course we realize that where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says: Hagarty v. Wm. Akers, Jr. Co., Inc., et al., 342 Pa. 236.

There appears to be no recorded case in Pennsylvania which tends to rule on the identical question before us. The Court of Appeals of Ohio, Hamilton County, in an opinion filed in 1948, Madden v. Farm Bureau Mutual Automobile Ins. Co., 82 Ohio App. 111, 79 N. E. (2d) 586, ruled on an insurance provision identical in form to the one in question. Plaintiff in the Madden case, while en route on a trip, stopped to change a tire which he had removed from the trunk compartment in the rear of his automobile. In doing so he was standing on the street just behind the automobile and touching or almost touching it and was leaning forward with the upper part of his body and arms in the rear compart-

ment of the automobile. While so standing he was struck by an approaching automobile, and suffered injuries.

The court's opinion reads as follows:

"What was the risk insured against? It is recited in the policy that the injury must arise out of the use of the automobile with the consent of the insured. Now did this injury arise out of the use of the automobile? Defendant's counsel call attention to the fact that the plaintiff was placing the tire, which he had just removed, in the rear of the automobile, and urge that this was not a use of the automobile, but was in fact a maintenance of it; in other words, that it was placing the automobile in condition for use. But at the time he changed these tires the plaintiff was using the automobile to transport himself from Cincinnati to Columbus. The changing of the tires was just as much a part of the use of the automobile for that journey as stopping to replenish the gasoline or oil, or for the change of a traffic light, or to remove ice, snow, sleet, or mist from the windshield. By such acts, the journey would not be abandoned. Such adjustments are a part of the use of the automobile—as much so as the manipulation of the mechanism by the operator. By the purpose and intent of the plaintiff, appellee herein, he was on his way to Columbus and the automobile was being used as the means of transportation.

"So we conclude that the injury was inflicted as the result of the risk insured against.

"The defendant argues that the appellee was not 'in' or 'upon' or 'alighting' or 'entering' the automobile at the time he was injured.

"It is certain that he was not in the customary place of a driver or passenger, and it is conceded that this is not necessary. But it it said he was outside the automobile, and was not either entering or alighting. However, he was using the automobile and was in such

relation to it as to subject himself to the hazard insured against and was injured as a direct result of that risk. If we adopt the defendant's interpretation, we attribute to the insurer the intent to issue a policy insuring against a certain risk and then limiting the class insured so that there may be no recovery in certain instances of injuries resulting from the risk. It seems to us that it was the intent of the insurer, by the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use. In reaching a conclusion on this subject, not only the act in which the insured was engaged at the time, but also his purpose and intent must be considered. So construed, the entire paragraph creates a field of coverage broader than a narrow construction of the words considered separately and independent of one another would indicate.

"While the plaintiff does not say any part of his body was touching the automobile at the time, the inference is pretty strong that there was some touching, and the evidence is clear that the upper part of his body and hands and arms were inside the rear compartment. He was not completely in the automobile, nor was he completely out of it. The terms of the policy do not specify any particular part of the automobile in which he was required to be, or that he should be completely in. The addition of the words 'entering' or 'alighting' certainly indicates that the parties had no intention to so restrict the liability. Under such circumstances, we are of the opinion that the trial court was justified in construing the policy so as to cover this injury."

It has been argued by defendant in the instant case that it would be manifestly absurd to hold that plaintiff was "upon" the automobile within the meaning of the policy at the time of the injury. Defendant by this

argument takes the position that plaintiff in order to recover on the policy would have to have been upon the vehicle in a position where passengers normally are, or at least be entering or alighting from the automobile. The injury has arisen out of the use of the automobile and we think that the accident insurance clause we are considering creates a field of coverage broader than the narrow construction of the words considered separately and independent of one another.

The case cited by defendant, Ross et al. v. Protective Indemnity Co., 135 Conn. 150, 62 A. (2d) 340, is distinguishable from the instant case. Although the terms of the insurance clause are similar, the case was decided in favor of the insurance company for the reason that the parties injured had alighted and had no intention of continuing their journey in the automobile. In the instant case the plaintiff merely alighted in order to open the garage door so that he could get his automobile into the garage.

In addition it might not be so absurd for us to find that the injury came within the particular part of the policy which covers injuries while riding "upon" the automobile. In Turner v. Fidelity and Casualty Co., of N. Y., 274 Mo. 260, 202 S. W. 1078, the court said that the word "on" is used and is to be construed as used in its usual and ordinary certification, which is "at or in contact with the surface or upper part of a thing and supported by it". If we were to try to make rules as to just how the insured had to be "upon" the vehicle in order to recover, we might find ourselves in trouble. There are many positions, not normally taken while using an automobile, in which the insured might find himself at the time of injury which could still be termed "upon" the vehicle.

Although it is true that the construction of the policy must not be manifestly absurd (Janney v. Scranton Life Ins. Co., 315 Pa. 200), yet this principle of law

has been more often used to extend, rather than reduce, the meaning of the words in the policy. Justice Maxey in applying this principle in Albert v. Mutual Benefit Health and Accident Assn., 350 Pa. 268, held that provisions of a policy of insurance to the effect that the assured had to be confined to his house in order to recover did not have to be complied with literally, and that visits to a physician did not make plaintiff ineligible.

For the reasons given above judgment will have to be entered for plaintiff.

And now, December 19, 1949, judgment is hereby entered against defendant, State Automobile Insurance Association, and in favor of Othmar L. Young, in the sum of $500, with interest from April 7, 1949. The prothonotary is hereby directed to index such judgment according to law.