## Sidney J. Wolf, Appellee, v. American Casualty Company of Reading, Pennsylvania, Appellant.

### Gen. No. 46,237.

Opinion filed April 8, 1954. Released for publication April 27, 1954.

Ross, Berchem, Schwantes & Menk, of Chicago, for appellant; John C. Menk, of Chicago, of counsel.

Sidney J. and Arthur Wolf, of Chicago, for appellee.

Mr. Presiding Justice Schwartz delivered the opinion of the court.

This is an appeal from a finding and judgment entered by the court in favor of plaintiff. The action was brought to recover medical expenses pursuant to the provision of an insurance policy, wherein the insurance company agreed as follows:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission."

The question presented is whether plaintiff's injury was caused by an accident which occurred "while in or upon, entering or alighting from the automobile."

On November 25, 1951, plaintiff while driving his car skidded into the rear of another car. After the impact the cars were separated by a distance of some feet. Plaintiff and the driver of the other car got out of their automobiles and walked to the curb where they exchanged identifications and license numbers. They then started to walk back for the purpose of verifying the respective license numbers and to re-enter their cars. While plaintiff was two or three feet in front of his car and while he was in the act of reaching for a pencil to write down his license number a third car struck the rear of his car, knocking it forward and hitting him. He had been out of his car for two or three minutes when the accident occurred.

██ Plaintiff argues that the clause of the policy involved is ambiguous and should be construed most strongly against the insurance company. So construed, he contends, it is broad enough to include the injuries in this case. The rule relating to the construc-

tion of insurance policies has been stated often. It is summarized in *Mosby v. Mutual Life Ins. Co. of New York,* 405 Ill. 599, 92 N.E.2d 103, as follows:

"Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. *Lenkutis v. N. Y. Life Ins. Co.,* 374 Ill. 136, 28 N.E.2d 86."

This is a sound rule. It recognizes the realities of the transaction, that is, that the provisions of an insurance policy are not the product of negotiations between insurer and insured but are written by the insurance company and out of necessity, perhaps, submitted for acceptance without change. It is nevertheless the contract of the parties and from it we must find what was meant by the words used. The question involved in the instant case has not been before any reviewing court of this State, but there are a few decisions of other courts. The cases divide themselves into two groups—those in which the principal reliance is placed on the words "entering or alighting," and those in which emphasis is placed on the words "in or upon."

We will first consider the "entering or alighting" cases. In *Ross v. Protective Indemnity Co.,* 135 Conn. 150, 62 A.2d 340, the insured and a passenger alighted from an automobile for the purpose of answering a call of nature. Several minutes later and while they were holding a conversation in the highway at the rear of the car, they were struck by a car proceeding in the same direction. The court held that they were not in or upon the automobile nor were they "entering or alighting." In *New Amsterdam Casualty Co. v. Fromer* (Mun. Ct. App., D. C.), 75 A.2d 645, the insured, thinking he struck another vehicle, stopped his car and walked back to talk to the other driver.

After being informed that he had not struck the vehicle, the insured started to return to his own car and while about six feet from it, was struck by a third automobile. The reviewing court reversed the trial court and held that as "applied to the instant facts," the words "while in or upon, entering or alighting" were plain and unambiguous; that the most that could be said was that the insured was approaching the vehicle for the prospective purpose of entering it and was not at that time entering the automobile. The court, in specific language, limited the scope of its ruling to the facts in that case. It will be noted that in the two foregoing cases, the insured at the time of injury had no physical contact with his automobile. In *Goodwin v. Lumbermens Mutual Casualty Co.* (Md., 1952), 85 A.2d 759, Mrs. Goodwin and three friends were about to enter Mrs. Goodwin's car. While one unlocked the front door and reached in to release the lock on the rear door, another car struck and injured them. The court held that all had completed their approach to the car and were, therefore, in the process of entering. In *Katz v. Ocean Accident & Guarantee Corp.*, 202 Misc. 745, 112 N.Y.S.2d 737 (1952), as plaintiff was locking the door of her car after alighting, she observed an automobile heading toward her. She ran between the rear of her car and the front of another car and was there crushed when the car she had observed hit her car. The court held that the injuries were occasioned while in the act of being upon and alighting from the car. This was a decision of the municipal court of New York. The court stated that under the construction placed upon the clause in question by the defendant, the plaintiff would have been required to stand where she was at the time of alighting and permit herself to be struck by the approaching car while continuing her efforts to lock the door of

127

her car, and he felt that this was repugnant to common decency. Such reasoning is not relevant to the interpretation of an insurance contract. The decision in *Goodwin v. Lumbermens Mutual, supra,* is more helpful. There the court considered that "entering" began where "approach" ended. In the instant case plaintiff had almost finished his approach, having stopped only to look at the license number. However, it is in the construction of the words "in or upon" that the cases are more helpful in arriving at a decision in the instant case.

There are four cases in the "in or upon" category. In *Sherman v. New York Casualty Co.,* 78 R. I. 393, 82 A.2d 839, the plaintiff parked his car in a shed-like open sided structure. After alighting from the car he noticed that it was rolling backward toward a stone wall. He attempted to stop it by putting his right hand on the taillight, his left hand on the registration plate, and his knee on the bumper. When the car crashed into the wall, both his legs were broken. The court held that the words "in or upon" should be given a broad and liberal construction consistent with the context of the whole clause in which they appear. The court took into account the other words in the clause and held that "in or upon" being read in connection with those words made it reasonable that it was intended to make the policy applicable to injuries sustained by reason of the immediate and substantial contact of a part of plaintiff's body with the car in the course of actively promoting or serving such use. It held that in that sense the plaintiff was "upon" the car when he placed his hands and knees upon it for the purpose of trying to stop it from rolling into the wall. In *Lokos v. New Amsterdam Casualty Co.,* 197 Misc. 40, 93 N.Y.S.2d 825, aff'd 197 Misc. 43, 96 N.Y.S.2d 153, the plaintiff while driving his car heard a sound com-

ing from the front of it. He stopped and found that his bumper had fallen to the pavement. While he was leaning over the car, tying the bumper to it, he sustained the injuries for which the claim was made. The court held that the plaintiff's contact with the car was sufficient to bring the case within the phrase "in or upon." In *Madden v. Farm Bureau Mutual Automobile Ins. Co.*, 82 Ohio App. 111, 79 N.E.2d 586, the plaintiff was in the act of placing a removed tire in the trunk compartment and while standing on the street, leaning forward with the upper part of his body and arms in the rear compartment, he was struck by an approaching automobile. The court held there was a strong inference that there was some touching of the car with his body and that the upper part of his body, hands and arms were inside the rear compartment. It held that a liberal construction meant that the clause was intended to cover every case in which the owner was using his automobile and was inside it or in relation thereto so as to be injured in its use. The entire paragraph, the court said, created a field of coverage broader than the narrow construction of the words considered separately and independently of one another. In *Young v. State Auto Ins. Ass'n*, 79 Penn. Dist. & County Rep. 394, plaintiff alighted from his automobile and went to the front of it. His wife, who was in the car, put it in motion and the plaintiff in an effort to save himself clung to the front part of the car which continued its motion through the rear end of the garage, injuring him. The court adopted the language used in the *Madden* case, *supra,* and held that when upon impact the plaintiff clung to the car, he was upon it and was thereby injured.

██ From the foregoing cases it can be seen that the words which we are required to construe describe a situation in which the courts have already had nine

different sets of facts (including those in the instant case). The words themselves are simple, every-day words, but the variety of situations which they define is broad. Sometimes it will appear clear and at other times doubtful whether a particular set of circumstances is within the meaning of the provision. That is what the court meant in *New Amsterdam Casualty Co. v. Fromer, supra,* when it said that as applied to the facts in that case the language was unambiguous. As related to the instant case, it is the use of the word "upon" which creates an ambiguity. It cannot mean that the insured, to be within the meaning of the clause, had to be couched on the roof of the car or on the running board or sitting on the hood. It must connote some physical relationship between himself and the car that enlarged the area defined by the words "entering or alighting" and the word "in." In the two cases which decided against liability, the plaintiff had no physical contact with his own car. *Ross v. Protective Indemnity Co., supra; New Amsterdam Casualty Co. v. Fromer, supra.* In the cases where we find a definite emphasis on the word "upon," it is the contact with his own car at the time of injury which appears to have persuaded the court in plaintiff's favor. In *Sherman v. New York Casualty Co., supra,* the plaintiff had his right hand on the taillight, his left hand on the registration plate, and his knee on the bumper of his car, and that brought him within the meaning of the clause. In *Lokos v. New Amsterdam Casualty Co., supra,* the plaintiff was tying his bumper to the car, and the court held that was sufficient contact to bring him within the phrase "in or upon." In *Madden v. Farm Bureau Mutual Automobile Ins. Co., supra,* the plaintiff's act of placing a removed tire in the trunk compartment was considered sufficient. In *Young v. State Auto Ins. Ass'n, supra,* the fact that the plaintiff was clinging to

130

the car when he was injured was sufficient. In all these cases the courts stressed physical contact between the plaintiff and the car he was using. In the case of *Madden v. Farm Bureau Mutual Automobile Ins. Co., supra,* the court said:

"It seems to us that it was the intent of the insurer, by the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use. In reaching a conclusion on this subject, not only the act in which the insured was engaged at the time, but also his purpose and intent must be considered. So construed, the entire paragraph creates a field of coverage broader than a narrow construction of the words considered separately and independent of one another would indicate."

This language does not, nor can any language, specifically prescribe the exact limits of coverage provided by this clause. As applied to the instant case, the physical contact was there and the condition of usage was complied with. In our opinion, the injury is covered by the policy.

*Judgment affirmed.*

ROBSON and TUOHY, JJ., concur.