## Mattia v. Springfield Fire & Marine Ins. Co.

*Roth & Herskovitz,* for plaintiff.
*Reed, Ewing, Orr & Reed,* for defendant.

McCREARY, P. J., January 20, 1961.—After plaintiff in the above-entitled case had filed a suit in assumpsit against defendant to recover funeral expenses incurred by reason of the death and burial of plaintiff's decedent, the insured, the parties having entered

a general appearance, agreed upon a case stated in language as follows:

*"Stipulation"*

"The plaintiff, by her attorney, Arthur S. Herskovitz, and the defendant, by its attorneys, Reed, Ewing, Orr & Reed and Harold F. Reed, Jr., do hereby stipulate upon the following facts and question of law and submit its litigation to the Court thereon:

### Facts: I

"The Plaintiff is Doris E. Mattia, Administratrix of the Estate of Alfred Mattia, also known as Alfred John Mattia, deceased, appointed in compliance with law by the Register of Wills of Beaver County, Pennsylvania, on the 21st day of November, 1958, Estate No. 387 of 1958. The plaintiff resides at Spring Street on Hall Place, Hopewell Township, Beaver County, Pennsylvania, and the decedent is late of the Township of Hopewell, Beaver County, Pennsylvania.

### II

"The defendant is the Springfield Fire and Marine Insurance Company, a corporation organized and existing under the laws of the State of Massachusetts, duly registered to do business in Pennsylvania under the Acts of Assembly so providing. The defendant has an office in which it regularly conducts business at 2107 Investment Building, 235-9 Fourth Avenue, Pittsburgh, Pennsylvania.

### III

"On or about the 20th day of June, 1956, in consideration of the payment by the said Alfred Mattia to the defendant of a premium of forty-four ($44.20) and 20/100 dollars, defendant issued to the said Alfred Mattia its Combination Automobile Policy No. AC-48-90-58, covering an automobile owned by him, being a 1952 Pontiac Chieftain two-door sedan. No. P8WH 29282. A true and correct copy of said policy is attached to the complaint filed in the above action.

## VI

"The said policy of insurance provides under Coverage C as follows:

" 'To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services

" 'Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either, or

" 'Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by an automobile.'

## V

"On April 16, 1957, at approximately 4:55 P. M. Alfred Mattia, the plaintiff's decedent, accidently drove his automobile into Hereford Manor Lake in Franklin Township, Beaver County, Pennsylvania, said automobile proceeding into the Lake a distance of approximately 10 feet from the shore.

## VII

"As the automobile of the decedent sank beneath the water of Hereford Manor Lake, the decedent managed to free himself from the automobile.

## VIII

"After freeing himself from the automobile, the plaintiff's decedent struggled or thrashed about in an apparent effort to reach an area of safety, coming to the surface twice before going under for the last time.

## IX

"The cause of death of the plaintiff's decedent was determined to be suffocation by drowning.

## X

"If the plaintiff is entitled to recover from the defendant, then the plaintiff is entitled to recover the sum of $1,410.45, the amount of the funeral expenses, plus interest from May 15, 1957.

### Issue

"Is death caused by drowning while struggling to return to an area of safety, after freeing one's self from a submerged automobile accidently driven into a lake, an accident occurring while the decedent is in or upon or while entering into or alighting from the automobile, as set forth in that part of the policy of insurance set forth in Paragraph IV of the Stipulation of Facts?

ROTH & HERSKOVITZ
By S/ Arthur S. Herskovitz
Arthur S. Herskovitz
REED, EWING, ORR & REED
By S/ Harold F. Reed, Jr.
Harold F. Reed, Jr."

The court en banc has not the slightest doubt, under the facts stipulated, that plaintiff's decedent "sustained bodily injuries . . . caused by accident, while in or upon or . . . alighting from the automobile . . . while the automobile was being used by the named insured." He alighted from the automobile in an unorthodox and unusual way, as the facts stipulated show, but certainly death from drowning while attempting to extricate himself from his insured automobile which had accidently proceeded into Hereford Manor Lake a distance of approximately 10 feet from shore was "bodily injury caused by accident while alighting from the automobile" in question. We fail to see how any other conclusion could possibly be

reached. If decedent had propelled his automobile into a burning building, accidentally, and he was injured by fire while trying to get to the sidewalk, after extricating himself from the burning car, it could scarcely be said that he was not covered by the policy of insurance.

Death caused by drowning, while struggling to return to an area of safety, after freeing one's self from a submerged automobile accidentally driven into a lake, is an accident occurring while decedent is in or upon or alighting from the automobile, as set forth in that part of the policy of insurance set forth in Paragraph IV of the Stipulation of Facts, set forth at length above.

Entertaining these views we enter the following

### Judgment

Plaintiff is entitled to recover from defendant and accordingly we enter judgment in favor of plaintiff and against defendant in the amount of $1,410.45, with interest from May 15, 1957, or a total of $1,717.94.

### Supplementary Opinion

McCREARY, P. J., February 8, 1961.—The above-captioned matter was submitted to the court en banc on the date of the last argument list. Counsel for the parties waived oral argument and agreed to submit it as a matter of law for the consideration and determination of the court, as a case stated, the facts having been stipulated and agreed to by counsel. It was submitted as a matter to be resolved on written briefs, to be furnished to the court on or before February 1, 1961, but the court, not understanding that counsel had asked for time to submit written briefs, prepared and filed an opinion and entered judgment in favor of plaintiff and against defendant when briefs were not furnished within what we considered a reasonable

time. The parties, by their counsel, subsequently requested the court to rewrite its opinion in the light of the written briefs furnished to the court on or before February 1, 1961. We have agreed to do so and hence this opinion.

Both parties prepared and furnished illuminating and exhaustive briefs on the subject matter involved in the suit, but we are satisfied, from a consideration of these written briefs, that we were right in our original opinion and order.

Plaintiff insists that "death caused by drowning while struggling to return to an area of safety, after freeing one's self from a submerged automobile accidently driven into a lake, is an accident occurring while decedent is in or upon or while entering into or alighting from the automobile, as set forth in the part of the policy of insurance set forth in paragraph IV of the stipulation of facts because, (1) admittedly, plaintiff's decedent accidently drove his automobile into the lake, (2) the death resulted in a natural and continuous sequence, unbroken by any efficient intervening cause, and without which accident, the death would not have occurred and (3) a liberal construction of the terms of the policy require such a conclusion."

It is a well established principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer who drew the contract: Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582.

A policy will be construed in favor of the insured in order not to defeat, without plain necessity, a claim to indemnity which was the insured's object to obtain: Blue Anchor Overall Co., Inc. v. Pennsylvania Lumbermen's Mutual Insurance Co., 385 Pa. 394, and cases and other authority there cited.

In the case of Gordon v. London & Lancashire Indemnity Co., 180 Pa. Superior Ct. 45, the court held

that an automobile liability policy with medical payment clause must be liberally construed in favor of the insured.

Defendant agrees with this proposition of law and cites the Cadwallader case as authority for this universally accepted proposition of law, but counters with the statement in Urian v. Scranton Life Insurance Co., 310 Pa. 144, where the Supreme Court said at page 151:

" 'If doubt exists as to the meaning [of the language used in an insurance policy] it should be resolved in favor of the insured rather than in the interest of the insurer: . . . [But] Where language is clear and unambiguous [it] cannot be construed to mean otherwise than what it says.' "

Defendant insists that the words "while alighting from" are wholly free from ambiguity and mean that decedent had to be injured by bumping some part of his body on the automobile "while alighting from," or had to be hit by a passing vehicle "while alighting from" and while he still had some physical contact with his automobile.

Both parties cite the case of Young v. State Automobile Insurance Association, 72 D. & C. 394. There, under the medical payments clause, covering any person ' "while in or upon, entering or alighting from" ' the automobile, the owner, having alighted from the car to open his garage door in front of the car, found his wife had started the car in error, and in order to save himself, clung to the front of the car and was injured when the car went through the garage wall and then some distance thereafter. It was held that medical payments clause covered his medical expenses to the extent of the provision.

The only real point on which the parties disagree is the one involving the question as to what the words, restricting recovery for an accident occurring while

decedent is "in or upon or while entering into or alighting from" the automobile, mean. Plaintiff insists that the words are clear and unambiguous and can be construed only as entitling plaintiff to recover under the agreed facts of our case. If this position is untenable, however, plaintiff contends, then, in the alternative, judgment must be entered in favor of plaintiff under the well recognized and universally accepted rule set forth at length in the Cadwallader case, supra, if the words are ambiguous.

Many courts have found that the phrase of automobile liability policies in the nature of "in, upon or alighting" from an automobile is ambiguous and therefore, requires liberal construction by the court in favor of the insured. See Fox v. American Casualty Company of Reading, 49 D. & C. 112; Wolf v. American Casualty Company of Reading, 2 Ill. App. 2d 124, 118 N. E. 2d 777; Sherman v. New York Casualty Co., 78 R. I. 393, 82 A 2d 839; Lokos v. New Amsterdam Casualty Co., 197 Misc. 40, 93 N.Y.S. 2d 825, affirmed, 96 N.Y.S. 2d 153; Madden v. Farm Bureau Mutual Automobile Ins. Co., 82 Ohio App. 111, 79 N.E. 2d 586.

On the other hand, defendant claims that the words "in or upon or while entering into or alighting from" the automobile are clear and unambiguous and must be construed in such a manner by the court as to entitle defendant to a judgment in its favor, under the agreed facts of the case. Defendant refers to the language of the Urian case, supra, and argues for judgment in favor of defendant because "where language is clear and unambiguous it cannot be construed to mean otherwise than what it says." In support of its position defendant cites the cases of Carta v. Providence Washington Indemnity Co., 143 Conn. 372, 122 A. 2d 734; Green v. Farm Bureau Mutual Auto. Ins. Co., 139 W. Va. 475, 80 S. E. 2d 424, and Wolf v.

American Casualty Co., 2 Ill. App. 2d 124, 118 N. E. 2d 777. In all these cases recovery was denied under circumstances not exactly parallel to the facts in the case we are considering. In the last cited case, the court said, page 130:

"As related to the instant case, it is the use of the word 'upon' which creates an ambiguity. It cannot mean that the insured, to be within the meaning of the clause, had to be couched on the roof of the car or on the running board or sitting on the hood. It must connote some physical relationship between himself and the car that enlarged the area defined by the words 'entering or alighting' and the word 'in'. In the two cases which decided against liability, the plaintiff had no physical contact with his own car. Ross v. Protective Indemnity Co., supra [135 Conn. 150, 62 A. 2d 340]; New Amsterdam Casualty Co. v. Fromer, supra [D. C. Mun. App., 75 A. 2d 645]. In the cases where we find a definite emphasis on the word 'upon', it is the contact with his own car at the time of injury which appears to have persuaded the court in plaintiff's favor. In Sherman v. New York Casualty Co., supra, the plaintiff had his right hand on the taillight, his left hand on the registration plate, and his knee on the bumper of his car, and that brought him within the meaning of the clause. In Lokos v. New Amsterdam Casualty Co., supra, the plaintiff was tying his bumper to the car, and the court held that was sufficient contact to bring him within the phrase 'in or upon'. In Madden v. Farm Bureau Mutual Automobile Insurance Co., supra, the plaintiff's act of placing a removed tire in the trunk compartment was considered sufficient. In Young v. State Auto. Ins. Ass'n., supra, the fact that the plaintiff was clinging to the car when he was injured was sufficient. In all these cases the courts stressed physical contact between the plaintiff and the car he was using."

The only Pennsylvania case cited by both parties is that of Young v. State Automobile Insurance Association, 72 D. & C. 394. In that case recovery was allowed. Defendant also cited the cases of Madden v. Farm Bureau Mutual Automobile Insurance Co., supra, where recovery was allowed, the court saying:

"It seems to us that it was the intent of the insurer, by the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use."

In the case of Katz v. Ocean Accident & Guarantee Corp., Ltd., 112 N.Y.S. 2d 737 (Municipal Court of the City of New York, 1952), the court again construed these words. Plaintiff, locking her car door, saw a car bearing down upon her. She ran to the rear of her car and was crushed between it and the car behind when the hit-run car struck her automobile. Recovery was granted.

For another case in which recovery was granted where the facts were similar and the words identical see Sherman v. New York Casualty Co., supra.

Finally, plaintiff cites a case from the Supreme Court of Arkansas, which we feel rules the instant case in favor of judgment for plaintiff. In Walden v. Automobile Owners Safety Insurance Company, 228 Ark. 983, 311 S. W. 2d 780, decedent accidentally drove his car into a road leading to a mine pit which, as it descended, became submerged in water. He was found, drowned, 75 to 100 feet from the car. The policy clause provided coverage for injury " 'while driving or riding within any automobile . . .' " The trial Court was reversed and recovery granted.

The proximate cause of decedent's death was the accidental propelling of his automobile into a lake and his inability to extricate himself from the consequences of that accident which occurred while he was "in or

upon or entering into or alighting from" his automobile on which he had insurance medical coverage for such an accident. The drowning was the terminal cause of his death, but the proximate cause was the accident which occurred while the insured was "in or upon or entering into or alighting from his automobile." There was no independent human factor which could possibly be construed as a superseding cause. The chain of events following the original accident was unbroken until it terminated in death by drowning. The old "Law School" classic example of Scott v. Shepherd (the squib case, 96 Eng. Ref. 525) is on all fours with the facts in the case at bar and the inevitable conclusion is the same in both cases. Where an intervening force is connected with the primary negligent act and is not self-operating, such intervening force is not a superseding cause because, in fact, the negligent act was the natural, primary and proximate cause of the entire occurrence: Thornton, Admrx. v. Weaber, Admr. 380 Pa. 590.

We reaffirm what we said in our original opinion in this case, and we reaffirm the judgment which we entered, based thereon. We appreciate the industry and learning of counsel for both parties as it is made to appear from the very able written briefs filed by them in support of their respective positions.