254 A.2d 438.

ROBERT HOLLINGWORTH *vs.* AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY.

JUNE 17, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These are appeals from two judgments entered in the superior court pursuant to the order of a justice of that court denying the plaintiff's motion and granting the defendant's motion for summary judgment in a civil action predicated on the terms of a policy of automobile insurance.

The facts are briefly stated and not in dispute. They establish that on October 19, 1963, plaintiff was a patron at a gasoline service station located in Providence. He had alighted from a truck operated by him and was crossing in front of an automobile owned by one Frank J. Mazzone and insured by defendant. The carburetor of the Mazzone car was being adjusted by the proprietor of the service station when it lurched forward and struck plaintiff, who sustained bodily injuries. As a result thereof, plaintiff incurred medical expenses for which he sought recovery from

defendant insurance company, pursuant to certain provisions of the policy issued by defendant to Mazzone.

The pertinent provisions of the policy in question are as follows:

"PART II—EXPENSES FOR MEDICAL SERVICES
Coverage B Medical Payments
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, hospital, ambulance, X-ray, dental, professional nursing and funeral services and prosthetic devices to or for:

Division 1. the named insured and each relative who sustains bodily injury, caused by accident, while occupying or through being struck by an automobile;
Division 2. any other person who sustains bodily injury, caused by accident, while occupying:

(a) an owned automobile, while used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or * * *."

The plaintiff, basing his right to recover on Division 2 of the quoted provisions, filed a motion for summary judgment and defendant filed a cross motion. The trial justice before whom the two motions were heard granted that of defendant and denied plaintiff's. Accordingly, separate judgments were entered, and from each, plaintiff seasonably appealed to this court.

It is plaintiff's contention that he is entitled to recover the medical expenses incurred as one *occupying* Mazzone's car as *occupying* is defined by the insurance policy. The definition on which he relies is as follows:

" 'Occupying' means in or upon or entering into or alighting from;"

In support of this contention plaintiff refers our attention to *Sherman* v. *New York Casualty Co.,* 78 R. I. 393, 82 A.2d 839, 39 A.L.R. 2d 947; *Young* v. *State Automobile*

*Ins. Ass'n,* 72 Pa. D. & C. 394, and *Christoffer v. Hartford Acc. & Indemnity Co.,* 123 Cal. App. 2d Supp. 979, 267 P.2d 887. In each of those cases the court found coverage even though the facts disclose that the recovering plaintiff was not actually "in" or "upon" the automobile occasioning the injuries for which medical payments were recovered as those terms are usually understood in everyday experience.

In *Sherman, supra,* plaintiff was injured while attempting to halt his rolling automobile from which he had recently alighted and inadvertently released the parking brake. This court construed the terms "in" or "upon" in light of the facts and the terms of the policy, found that an ambiguity existed, and construed the policy liberally in favor of the plaintiff insured. In *Young, supra,* plaintiff alighted from his automobile and was in the process of opening the doors to his garage when his wife inadvertently drove the car forward. In an effort to protect himself, plaintiff clung to the front end of his automobile and was injured by the impact with his garage. In that case, the court held that although plaintiff was not "upon" the automobile as that term is normally used in connection with the use of an automobile, it was of the opinion that the policy under the circumstances created a field of coverage broader than the narrow construction of the words considered separately and independently of one another. Finally, in *Christoffer, supra,* plaintiff's medical expenses were held to be within the coverage of the insurance policy when he was injured while changing the tire of an automobile which fell on him.

The plaintiff's reliance on those cases is misplaced. In all the recited cases, the injured plaintiff had some connection with the injuring automobile other than the ultimate impact which caused the injuries for which recovery was sought. In the case at bar, however, plaintiff had no connection with the injuring automobile prior to the time when

it lurched forward and pinned him against the building. See *Traders & General Insurance Co.* v. *Smith,* (Tex), 369 S.W.2d 847.

We hold, therefore, that the plaintiff's appeals are without merit and the judgments are affirmed.

*Pearlman & Pearlman, Thomas W. Pearlman,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia, Richard T. Linn,* for defendant.