The Fidelity & Casualty Company of New York, Plaintiff-Appellee, *v.* Napleton Motor Sales, Inc. *et al.*, Defendants-Appellants.

(No. 55164;

First District—May 2, 1972.

Meyers & Matthais, and Murphy and Murphy, both of Chicago, (James M. Redding and John C. Kiely, of counsel,) for appellants.

Clausen, Hirsh, Miller & Gorman, of Chicago, (Patrick J. Navin and James T. Ferrini, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The plaintiff filed this suit for a declaratory judgment involving the interpretation of the insurance policy written by plaintiff and covering the defendant, Napleton Motor Sales, Inc. Plaintiff contends that the policy does not cover injuries sustained by defendant Nanette Favero, a minor, who was bitten by a pony while on the premises of defendant Napleton Motor Sales. On motion for summary judgment the court found that no issues of fact existed; that the policy did not afford such coverage, and entered the summary judgment from which defendants appeal.

Two principal grounds are urged for reversal of the trial court's decision: (1) A summary judgment was improperly granted because there were genuine issues of fact to be decided; (2) The trial court should have granted a summary judgment for the defendants, finding that the policy in question covered the loss in the instant case.

The facts follow.

Defendant Edward Napleton operates an automobile dealership known as Napleton Motor Sales at 11937-41 South Vincennes Avenue, in Blue Island, Illinois. At the rear of the business premises is a fenced-in area where horses and ponies are kept by Edward Napleton. These animals have on occasion been used for promotional purposes, but are primarily for the personal pleasure of Napleton.

On November 8, 1964, defendant Nanette Favero went with her parents to Napleton Motor Sales. She ran to the back lot area where the horses and ponies are kept, hoping to get a ride on a horse while her great-uncle was giving rides to his grandchildren. Without warning, one of the ponies bit Nanette on the right ear, severing her ear lobe. This particular pony was not owned by Napleton, but belonged to a business acquaintance.

We proceed to consider defendants' first contention that there were undetermined factual issues in the trial court, and as a consequence, the motion for a summary judgment should have been denied. A motion for summary judgment may properly be granted by the trial court where there is no dispute as to a material question of fact. The defendants urge that there was such a question of fact; to wit, whether the policy covered accidents arising out of the pony-raising activities.

The policy provided, in pertinent part, that the insurer would pay "* * * on behalf of the insured all sums which the insured shall become legally obligated to pay because of bodily injury * * * caused by accident and arising out of the garage operations hazard * * *." The policy then stipulated the nature of the hazard for which coverage would be afforded as follows: "the ownership, maintenance or

use of the premises for the purposes of garage, and all operations necessary or incidental thereto, hereinafter called the garage operations."

■■ The trial court ruled as a matter of law that the policy did not cover pony biting. We agree. Clearly, the maintenance of a horse barn on these premises was not incidental to the maintenance or use of the premises for purposes of a garage. We are mindful of the fact that the defendant, Edward Napleton, had on at least one occasion used some of the ponies for promotional purposes; however, the pony that bit Nanette Favero was not owned by Napleton, but by a friend of his, and there is no allegation that this pony was ever used in any way by Napleton Motors for promotional purposes. Consequently, we find no error in the trial court's ruling on this point.

■■ Defendants urge that there was a second fact question: whether plaintiffs had knowledge of the horse-raising activities of Edward Napleton. The mere knowledge that he was engaged in such activities does not bring them within the scope of coverage. This is to be distinguished from the case where the insurer has knowledge of a breach of a condition of the policy but takes no affirmative steps based on that knowledge.

■■ It is of no consequence that both operations were carried on on the same plot of ground. The plaintiff insured only garage-related activities, and the knowledge that there were other operations going on does not extend the coverage of the policy.

■■ The defendants urge application of the rule that a policy of insurance must be strictly construed against the insurer. This is a rule of construction and is applicable only where there is an ambiguity in the terms of the policy. The rule that ambiguous language is to be strictly construed against the insurer does not warrant a perversion of the language to create an ambiguity where none exists. *Maryland Casualty Co. v. Holmsgaard,* 10 Ill.App.2d 1.

■■ We find no ambiguity related to the insured covered in the instant case.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.