SAMUEL SALINAS, Plaintiff-Appellant, *v.* ECONOMY FIRE & CASUALTY CO., Defendant-Appellee.

First District (4th Division)   No. 62515

Opinion filed October 20, 1976.

Raymond P. Concannon, of Miller and Concannon, of Chicago, for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (John D. Daniels and Barry L. Kroll, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Samuel Salinas, brought suit against Economy Fire & Casualty Co. for a declaratory judgment that he was entitled to the benefits of the personal injury protection coverage of a policy of automobile insurance issued by defendant. The facts, according to the pleadings, indicated that on October 7, 1973, plaintiff, a pedestrian, was struck and injured by an automobile which was owned and operated by Louis Ferrigno and insured by defendant. The subject policy provided medical and other benefits to "injured persons," defined to include the named insured, any relative of his and "any other person who sustains bodily injury while occupying the owned automobile." The policy further defined

"occupying" to mean "in or upon or entering or alighting from." Defendant denied that plaintiff was entitled to benefits under the policy.

Plaintiff filed a motion for judgment on the pleadings asserting as a matter of law that he was "any other person" who was "upon" the insured vehicle and therefore covered. Defendant also filed a motion for judgment on the pleadings contending that coverage was to be denied because the plaintiff had no connection to the insured vehicle. The trial court entered final judgment denying plaintiff's motion and granting defendant's motion, finding that plaintiff had no prior relationship or connection to the insured driver or insured vehicle. Plaintiff appeals to this court raising for review the sole issue of whether the trial court erred in denying coverage.

It is undisputed that the subject policy covers injured persons who are "occupying" the insured vehicle and that "occupying" is defined to mean "in or upon or entering or alighting from." Plaintiff submits that the word "upon" is ambiguous and should be liberally construed in favor of the party seeking benefits. He urges this court to find that he was "upon" the car as a result of the accident and therefore was "occupying" it. In support of his position, plaintiff cites *Wolf v. American Casualty Co.* (1954), 2 Ill. App. 2d 124, 118 N.E.2d 777, and *Hart v. Traders & General Insurance Co.* (Tex. Civ. App. 1972), 487 S.W.2d 415. In *Wolf*, the plaintiff had been standing 2 or 3 feet in front of his car recording the license number of a car he had skidded into, when a third car knocked his car forward, hitting him. The court found that the plaintiff was protected by a policy provision covering injuries caused by accident while "in or upon, entering or alighting from" the insured automobile. In *Hart*, the named insured's brother was injured in a collision between an uninsured automobile and the insured's parked car. The plaintiff was held to be "upon" the car and therefore "occupying" it because, at the time of the accident, the weight of his body was upon the fender while he was assisting in the installation of a fuel pump.

■■ The controlling question here is whether plaintiff was "upon" the insured automobile within the meaning of the policy provision. First, we note that the rule that ambiguous language is to be construed against the insurer and liberally in favor of the insured does not authorize a distortion of language. (*Fidelity & Casualty Co. v. Napleton Motor Sales, Inc.* (1972), 5 Ill. App. 3d 705, 707, 284 N.E.2d 26; *Wallace v. Blue Cross Hospital Service, Inc.* (1973), 13 Ill. App. 3d 803, 808-09, 300 N.E.2d 531.) Words which are simple, everyday words may define a variety of situations so that sometimes it will appear clear that a particular set of circumstances is within the meaning of the provision, and at other times doubtful. *Wolf v. American Casualty Co.* (1954), 2 Ill. App. 2d 124, 130, 118 N.E.2d 777.

We think that the language employed here is reasonably plain: to hold that plaintiff was "upon" the automobile because he was struck by it would distort the meaning of the provision and result in an unreasonable construction of the coverage. In both cases cited by plaintiff, the injured party had some connection with the insured vehicle other than the ultimate impact which caused the injuries. In *Wolf*, it was the contact of the insured with his own car at the time of the injury. The court in that case analyzed and compared several other cases which turned on the meaning of the word "upon." In two of those cases, no liability was imposed because the plaintiff had no physical contact with the insured car at the time of the accident. In four other cases, however, each of the plaintiffs had some contact with the insured car at the time of injury which evidently persuaded the court to find in plaintiff's favor. For example, in one case, the plaintiff had his right hand on the taillight, his left hand on the registration plate, and his knee on the bumper of the car; in another, the plaintiff was removing a tire from his trunk at the time; and in a third case, the plaintiff was clinging to the insured car when injured. In *Hart*, the court noted that, by the weight of authority, actual physical contact with the insured automobile was sufficient to establish that the plaintiff was "upon" the vehicle, and, accordingly, found it sufficient that at the time the plaintiff was hurt, he was being supported by the car's fender.

We find the situation in *Hollingworth v. American Guarantee & Liability Insurance Co.* (1969), 105 R.I. 693, 254 A.2d 438, to be closely analogous to the one at bar. There, a service station patron sued to recover for injuries sustained when the insured's automobile lurched forward as its carburetor was being adjusted by the service station operator. The Rhode Island Supreme Court held that the plaintiff was not "occupying" the insured automobile within the meaning of the policy provisions because the plaintiff had no connection with the injuring automobile prior to the time it lurched forward and injured him. Similarly, in *Ferguson v. Aetna Casualty & Surety Co.* (Tex. Civ. App. 1963), 369 S.W.2d 844, the court rejected the contention that the plaintiff was "in or upon" a parked automobile merely because she put her hand upon it to steady her walk and fell while attempting to proceed to her own automobile.

■■ Following the weight of authority, we think that plaintiff in the instant case was not "occupying" the insured car within the meaning of the provisions of the subject policy. A judgment on the pleadings may be sustained on any basis appearing in the record which demonstrates that the judgment was correct. (*Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 793, 305 N.E.2d 236.) We hold that the trial judge's ruling that the plaintiff was not entitled to coverage as a matter of law was not in error.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.