POLLY GREER, Plaintiff-Appellee, *v.* KENILWORTH INSURANCE COMPANY, Defendant-Appellant.—(AETNA LIFE & CASUALTY COMPANY, Defendant-Appellee.)

First District (1st Division)   No. 77-468

Opinion filed May 8, 1978.

Orner, Wasserman & Moore, of Chicago (Norton Wasserman, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas M. Hamilton, and Daniel L. Boho, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Appellant, Kenilworth Insurance Company (Kenilworth), appeals from

the declaratory judgment of the trial court finding that Kenilworth owed uninsured motorist coverage to plaintiff, Polly Greer (plaintiff), and that appellee Aetna Life & Casualty Company (Aetna) did not.

Plaintiff was insured under an automobile insurance policy issued by Kenilworth. This policy covered the plaintiff for injuries caused by an uninsured motorist, wherever plaintiff happened to be. This coverage only applied to the extent it exceeded the coverage provided under any other policy available to plaintiff.

Greer and her co-worker, Hannah Swanson, took turns driving each other to work. Swanson carried automobile insurance on her car with Aetna. This policy contained uninsured motorist coverage which insured any person, other than the named insured and her family, only while such person was "occupying an insured automobile." Occupying was defined as "in or upon, entering into or alighting from" the automobile.

On the way home from work on the day in question, Greer was a passenger in the Swanson car when it was hit by another vehicle on a Chicago expressway. Swanson stopped her vehicle at the right-hand shoulder of a nearby exit ramp. The driver of the second vehicle stopped at the opposite shoulder. Swanson and plaintiff, along with the driver of the second car, inspected the damage to the Swanson vehicle. Finding no perceptible damage, all three decided to cross the ramp to view the damage to the second car. As plaintiff waited to cross the ramp, she stood about 10 to 15 feet to the rear of the Swanson vehicle. At that time she was struck by an uninsured motorist and thrown to the pavement. She made no contact with the Swanson car.

Subsequently, plaintiff brought separate actions for declaratory judgment against Kenilworth and Aetna. She sought declarations that each insurer owed her benefits under the uninsured motorist provisions of their respective policies. The cases were consolidated and each insurer moved for summary judgment. Aetna's motion was granted on the basis that plaintiff was not an occupant of the insured automobile at the time of the injury. No other coverage then being available to Greer, the trial court denied Kenilworth's motion for summary judgment. Kenilworth appeals.

Both Kenilworth and Aetna cite the same Illinois cases in support of their respective positions. There are four such cases that have interpreted the phrase used in the Aetna policy, "in or upon, entering or alighting." The first of these cases is *Wolf v. American Casualty Co.* (1954), 2 Ill. App. 2d 124, 127, 118 N.E.2d 777. There, the plaintiff had parked his car on the side of a road after a slight accident. He was standing in front of his car, reaching for a pencil with which to write down his license number, when another car struck his vehicle, knocking it forward and hitting him. The court determined that the language "in or upon, entering or alighting" created an ambiguity which must be construed most strongly against the

insurer. After reviewing a number of cases from other jurisdictions the court held that "in or upon" included "physical contact between the plaintiff and the [insured] car." (*Wolf*, 2 Ill. App. 2d 124, 131.) Since there had been physical contact between the plaintiff and the insured car, the court found that the plaintiff was occupying the car within the meaning of the policy.

In *Lumbermen's Mutual Casualty Co. v. Norris* (1973), 15 Ill. App. 3d 95, 303 N.E.2d 505, Norris was a passenger in the insured vehicle. After it stopped she sat on the front fender of the car. She saw another car approaching on a collision course. She jumped off and proceeded to the front of the insured car in an attempt to get out of the way. While doing so, she was struck by the approaching vehicle. The opinion states that "she might have been touching or grasping [the insured car] to throw herself around [it]. She was close enough to have her hand on [it] * * *." (*Norris*, 15 Ill. App. 3d 95, 96.) The court found an ambiguity in the meaning of the word "alighting." Therefore, the court could not say that Norris had completed the act of alighting from the insured vehicle at the time the injury occurred. The court accordingly found that Norris was occupying the car as defined in the policy. It is significant to note that the court mentioned the possibility of physical contact being present. However, the court indicated that physical contact was not an absolute requirement for a finding of coverage.

The third case to consider this issue was *Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 321 N.E.2d 285. Horn had been riding in a friend's car, which was insured by Allstate. Horn's friend parked the car in the east lane of a six-lane highway and they both crossed the highway to go to a restaurant. After leaving the restaurant, Horn started back across the highway and was struck by an uninsured motorist about 24 feet from the insured car. The court held that "one who is 24 feet from a vehicle is not 'entering into' it, and therefore, not 'occupying' it, within the meaning of the policy." *Horn*, 24 Ill. App. 3d 583, 590.

The most recent Illinois case to consider this same language is *Salinas v. Economy Fire & Casualty Co.* (1976), 43 Ill. App. 3d 509, 357 N.E.2d 556. The plaintiff, while a pedestrian, was injured by an auto insured by the defendant. The court held that mere physical contact with the insured vehicle in and of itself did not bring a person within the coverage of the policy. The court cited with approval *Hollingworth v. American Guarantee & Liability Insurance Co.* (1969), 105 R.I. 693, 254 A.2d 438, in which the Supreme Court of Rhode Island held there must be some connection between the plaintiff and the insured vehicle other than the ultimate impact which causes the injury. *Salinas*, 43 Ill. App. 3d 509, 511.

■■ Proper decision of this case involves correct application of the legal

principles established in the cases above cited to the facts before us. The first problem is whether the policy language is ambiguous. It will be remembered that the policy by its terms extends uninsured motorist coverage if the insured was "occupying" an insured automobile. The policy defines "occupying" as "in or upon, entering into or alighting from" the automobile. The courts of Illinois have defined an ambiguous writing as " 'one capable of being understood in more senses than one * * *.' " (*Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 744, 365 N.E.2d 1028, quoting *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill. App. 2d 335, 341, 260 N.E.2d 99.) "It has been repeatedly held in Illinois that whether any contract is or is not ambiguous is a question of law for initial determination by the trial court." *Terracom Development Group*, 50 Ill. App. 3d 739, 744.

■■ In the case before us, in our opinion, this portion of the policy is unambiguous. In considering quite similar policy language, both *Wolf* and *Salinas*, cited above, held that these provisions are unambiguous and use only ordinary words which are the subject of common usage in the English language. The problem which arises in the case before us is applying the clear meaning of the policy to the factual situation. As so well stated in *Wolf*, "The words themselves are simple, every-day words, but the variety of situations which they define is broad." (*Wolf*, 2 Ill. App. 2d 124, 130.) It follows, therefore, that the only problem remaining is to determine, from a study of the policy language and of the facts, the effect of the language upon the factual situation before us.

■■ It seems to us from our study of the various authorities above cited that the necessary elements for imposition of liability upon the insurer are the existence of some nexus or relationship between the insured and the covered automobile and, in addition, either actual or virtual physical contact with the insured vehicle. Thus, in *Wolf*, plaintiff had just parked the insured automobile when another car caused it to strike him. In *Lumbermen's*, plaintiff was a passenger in the insured car. When it stopped she sat on the front fender. As another car approached she jumped off the fender and almost immediately thereafter was struck by the approaching vehicle. In both of these cases liability was imposed because of the relationship to the insured automobile and the presence of contact or virtual contact therewith. In *Allstate*, there was a nexus between plaintiff and the insured vehicle but a total absence of contact. In *Salinas* and *Hollingworth*, there was contact between the insured vehicle and the claimant but no nexus or relationship. In these last three situations the insurer was excused from coverage.

■■ In the case before us, the relationship requirement is satisfied as plaintiff was a passenger in the insured automobile. However, the car was

stopped and plaintiff had completed her exit therefrom. When plaintiff was 10 to 15 feet away from the insured vehicle, she was struck by the uninsured vehicle. There is a total absence of contact between the claimant and the insured vehicle. Further, there is a total absence of any relationship between the insured vehicle and the cause of the alleged injuries. In our opinion, under these circumstances, plaintiff was not in or upon, entering into or alighting from the insured vehicle. It follows that the entry of summary judgment by the trial court in favor of Aetna was proper and is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.