MADDEN, APPELLEE, *v.* FARM BUREAU MUTUAL AUTOMOBILE INS. CO., APPELLANT.

(No. 6892—Decided March 12, 1948.)

*Messrs. Dolle, O'Donnell & Cash* and *Mr. John R. Hahn,* for appellee.

*Messrs. Pogue, Helmholz, Culbertson & French,* for appellant.

MATTHEWS, P. J. This is an appeal from a judgment rendered in favor of the plaintiff upon an agreed statement of facts.

The defendant, a mutual insurance company, issued to the plaintiff a "standard automobile combination policy" in which it agreed to indemnify him against loss and expense resulting from certain hazards resulting from his ownership in operation of the automobile, classified as "pleasure and business" owned by him, in consideration of the payment of a premium allocated to each hazard insured against.

The judgment in this action is for $500, which is the maximum amount of indemnity provided for payments for medical services under the following provision in the policy:

"To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile classified as 'pleasure and business' if the injury arises out of the use thereof by or with the permission of the named insured, or (2) any other private passenger automobile with respect to the use of which insurance is afforded under the policy, if the injury arises out of the use thereof and results from (a) the operation of said automobile by the named insured or spouse or by a private chauffeur or domestic servant of either or (b) the occupancy of said automobile by the named insured or spouse, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting

from such injury, the reasonable funeral expense, all incurred within one year from the date of accident."

The plaintiff was on his way from Cincinnati, Ohio, to Columbus, Ohio, in the automobile described in the policy and while enroute stopped on Montgomery road in Norwood, Ohio, to change a tire. He had changed the tire and was in the act of placing the tire which he had removed in the trunk compartment, in the rear part of the automobile, and in doing so was standing on the street just behind the automobile and touching or almost touching it and was leaning forward with the upper part of his body and arms in the rear compartment of the automobile, when he was struck by an approaching automobile going in the same direction, and wedged between it and his own automobile, and suffered the injuries, in the treatment of which the medical expense was incurred.

The contention of the defendant, appellant herein, is that the occasion on which the plaintiff received his injuries does not bring it within the terms of the policy. In passing upon this contention, we must keep in mind the well established rule that insurance policies, such as this, must be construed most strongly against the insurer and any doubt or ambiguity resolved in favor of the insured.

Now, the plaintiff is the named insured, so it is clear that he is a beneficiary of the policy and entitled to recover for damage resulting from a risk insured against, unless excluded by some positive unambiguous provision in the policy.

What was the risk insured against? It is recited in the policy that the injury must arise out of the use of the automobile with the consent of the insured. Now did this injury arise out of the use of the automobile? Defendant's counsel call attention to the fact that the

plaintiff was placing the tire, which he had just removed, in the rear of the automobile, and urge that this was not a use of the automobile, but was in fact a maintenance of it; in other words, that it was placing the automobile in condition for use. But at the time he changed these tires the plaintiff was using the automobile to transport himself from Cincinnati to Columbus. The changing of the tires was just as much a part of the use of the automobile for that journey as stopping to replenish the gasoline or oil, or for the change of a traffic light, or to remove ice, snow, sleet, or mist from the windshield. By such acts, the journey would not be abandoned. Such adjustments are a part of the use of the automobile—as much so as the manipulation of the mechanism by the operator. By the purpose and intent of the plaintiff, appellee herein, he was on his way to Columbus and the automobile was being used as the means of transportation.

So we conclude that the injury was inflicted as the result of the risk insured against.

The defendant argues that the plaintiff was not "in" or "upon" or "alighting" or "entering" the automobile at the time he was injured.

It is certain that he was not in the customary place of a driver or passenger, and it is conceded that this is not necessary. But it is said he was outside the automobile, and was not either entering or alighting. However, he was using the automobile and was in such relation to it as to subject himself to the hazard insured against and was injured as a direct result of that risk. If we adopt the defendant's interpretation, we attribute to the insurer the intent to issue a policy insuring against a certain risk and then limiting the class insured so that there may be no recovery in certain instances of injuries resulting from the risk. It seems to us that it was the intent of the insurer, by

the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use. In reaching a conclusion on this subject, not only the act in which the insured was engaged at the time, but also his purpose and intent must be considered. So construed, the entire paragraph creates a field of coverage broader than a narrow construction of the words considered separately and independent of one another would indicate.

While the plaintiff does not say any part of his body was touching the automobile at the time, the inference is pretty strong that there was some touching, and the evidence is clear that the upper part of his body and hands and arms were inside the rear compartment. He was not completely in the automobile, nor was he completely out of it. The terms of the policy do not specify any particular part of the automobile in which he was required to be, or that he should be completely in. The addition of the words "entering" or "alighting" certainly indicates that the parties had no intention to so restrict the liability. Under such circumstances, we are of the opinion that the trial court was justified in construing the policy so as to cover this injury.

Defendant's counsel rely strongly on *Turner* v. *Fidelity & Casualty Co.*, 274 Mo., 260, 202 S. W., 1078. That was a case in which the court was called upon to construe an accident indemnity policy providing for *double* indemnity when death should occur from any bodily injury "sustained by the assured * * * while in or on a private conveyance (excluding bicycles, motorcycles and saddle-horses)." It will be observed that the liability was not in any way dependent upon the cause of death. The only basis of liability was the presence of the insured in or on a private conveyance

when he was injured, no matter from what cause. There was no doubt created by the language as to the right given to the insured to recover co-extensive with the risk insured against. And the words "in" or "on" were not enlarged by the words "entering" or "alighting." In the instant case the language of the policy is broader as to the beneficiary and the liability was made to depend upon the cause of the injury as a factor at least equal to the position of the beneficiary in relation to the automobile at the time of the injury.

What we have said concerning *Turner* v. *Fidelity & Casualty Co., supra,* is equally applicable to the other cases relied upon by defendant.

Counsel suggest that if the plaintiff is allowed to recover, a pedestrian, who should be struck by the automobile while passing alongside or between it and another parked automobile, would be entitled to recover on the policy. We think the case of a stranger having no relation to the automobile stands upon an entirely different footing. He would not be using the automobile in any sense whatsoever. He would not be using the automobile on a journey at the time.

Without attempting to lay down any general rule, we are of the opinion that under the circumstances of this case and under the rule requiring a construction most favorable to the insured, we must hold that the language of this policy must be construed to cover the risk in favor of the plaintiff.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., Ross and HILDEBRANT, JJ., concur in the syllabus, opinion and judgment.