CHARLES LEONARD WHISNANT v. AETNA CASUALTY & SURETY IN-SURANCE COMPANY.

(Filed 28 April, 1965.)

**Insurance § 47— Attempting to push stalled car onto shoulder of road held occupying and using car within coverage of policy.**

The policy in suit provided medical payments for the treatment of injuries to insured or any other person while occupying insured's vehicle with permission of the insured, and defined occupying the vehicle as being "in or upon or entering into or alighting from" the vehicle. The evidence tended to show that plaintiff was driving the car with insured's permission, that the motor failed, and that plaintiff was attempting to push the car onto the shoulder of the road and had his right hand on the steering wheel and his feet on the ground when he jumped away from the car in an effort to avoid being hit by a car approaching from his rear at a high rate of speed, and was seriously injured. *Held:* The injuries arose out of the "use of the automobile" within the coverage of the policy.

APPEAL by plaintiff from *Froneberger, J.,* September Session 1964 of RUTHERFORD.

This is a civil action to recover for medical payments in the amount of $1,000.00 which plaintiff alleges defendant is due him pursuant to the terms of a policy of insurance issued by the defendant to one Clyde R. Whisnant.

The defendant through its counsel states that the following facts are not disputed, to wit:

"* * * (T)hat the suit is brought upon defendant's policy No. 25 FA 172751PC, issued by the defendant to Clyde R. Whisnant, Route 2, Union Mills, North Carolina; that under said policy Clyde R. Whisnant was the insured and the owner of the automobile which plaintiff was operating immediately prior to the time plaintiff was injured, this automobile being a 1951 Studebaker; that plaintiff was operating said Studebaker automobile by and with the consent of the insured owner, Clyde R. Whisnant; that at the time plaintiff was injured he was about 22 years of age, was married and had one child, and that at all times referred to in the complaint, the plaintiff was not a member of the household of Clyde R. Whisnant, did not reside in the household with Clyde R. Whisnant, but resided in his own house with his own wife and child, which said house was a distance of some one and one-half (1½) miles from the home and residence of Clyde R. Whisnant; that the policy was in effect at the time and place complained of and that the premiums thereon had been paid."

The provisions of the policy which the plaintiff alleges cover the situation involved in this case are as follows:

"COVERAGE C—MEDICAL PAYMENTS.  To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: * * *

"DIVISION 2.  To or for any other person who sustains bodily injury, caused by accident, while occupying (a)  the owned automobile, while being used by the named Insured, by any resident of the same household or by any other person with the permission of the named Insured; or * * *.

"DEFINITIONS.  The definitions under Part I apply to Part II, and under Part II: 'occupying' means in or upon or entering into or alighting from; 'an automobile' includes a trailer of any type."

"DEFINITIONS.  Under Part I: 'named Insured' means the individual named in item I of the declarations and also includes his

spouse, if a resident of the same household; * * * 'relative' means a relative of the named Insured who is a resident of the same household * * *."

On 7 August 1963, about 8:45 p.m., plaintiff was operating the said 1951 Studebaker automobile in a northeasterly direction on U. S. Highway 64, about 15 miles west of the Town of Rutherfordton, North Carolina, near Wade Ensley's Store and Filling Station. The plaintiff testified that he stopped at the filling station, got out of his car and went into the filling station; that he purchased some gasoline and oil; that "* * * I came back out and got into the car, * * * I put the car in low gear and started on out into the road and it went in second gear and the motor died. I cut the car over on the shoulder of the road as far as I could get and got out and I saw that I could not push it by myself. * * * I was standing on the left side of the car at the left door and my feet were out on the highway and I had one hand on the steering wheel, right hand, and my left hand against the door. I was fixing to push the car out of the way. My brother-in-law had gone back up to the store to get help. I saw a vehicle coming each way. One coming up the road, and one coming down the road. * * * (T)he vehicle that was meeting me went by. The one coming up behind me was the one that was on my side of the road. * * * As it got on me, it swerved to the other side, which looked like it was going to hit me * * *. Just before the car got to me I turned loose of my car and jumped as the car rolled on me. * * * (I jumped) to try to avoid being hit. * * *"

Plaintiff was seriously injured, and as a result thereof incurred medical expenses in excess of $1,000.00.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed. Plaintiff appeals, assigning error.

*Hamrick & Hamrick for plaintiff appellant.*
*Hamrick & Jones for defendant appellee.*

DENNY, C.J.  The primary question presented for determination is whether or not under the facts in this case the court below committed reversible error in sustaining defendant's motion for judgment as of nonsuit.

In the case of *Katz v. Ocean Acc. & Guarantee Corp., Ltd.,* 112 N.Y.S. 2d 737, the plaintiff's wife had parked the plaintiff's automobile in front of their home. The driver's seat, where the plaintiff's wife had been seated, was toward the center of the roadway. She alighted from the automobile and was in the act of locking the car with her hand upon the door, when suddenly perceiving an oncoming vehicle coming

toward her she ran from the point where she was standing adjacent to the left front door of the vehicle and toward the rear of the car. There was another vehicle parked in the rear of plaintiff's vehicle, and plaintiff's wife, in an effort to avoid the oncoming vehicle, ran between plaintiff's car and the other car parked to the rear of plaintiff's car, as a result of which the oncoming vehicle struck plaintiff's vehicle causing it to be pushed backward and crushing plaintiff's wife between plaintiff's vehicle and the parked car.

The oncoming vehicle which had prevented plaintiff's wife from locking the door of plaintiff's car continued on its way and was not apprehended.

The Court held the medical payments clause in the policy, which was substantially in the same terms as that involved herein, covered the plaintiff's claim.

The Court cited with approval and quoted from the case of *Sherman v. New York Casualty Co.*, 78 R.I. 393, 82 A 2d 839, 39 A.L.R. 2d 947, in which case the plaintiff had parked his automobile and had left it. He observed the car rolling backward toward a stone wall. In an effort to stop it, he placed one hand on the back of the car and his knee on the rear bumper, as a result of which his legs were pinned between the rear bumper and the stone wall.

The trial court found for the defendant. Upon appeal, the Supreme Court of Rhode Island reversed the trial court and held the correct rule of law to be as follows:

"* * * Judging by his (plaintiff's) injuries and the appearance of the place, and placing the most favorable construction upon what he said, it is the firm conviction of this Court that he was not on that bumper; * * *

"The particular words 'in or upon' should be given a broad and liberal construction consistent with the context of the whole clause in which they appear. The key words in that clause are 'arising out of the use of the automobile' * * *. If the expression 'in or upon' is read in connection with those words we think it will reasonably appear that it was intended to make the policy applicable to injuries sustained by reason of the immediate and substantial contact of a part of plaintiff's body with the car in the course of actively promoting or serving such use. * * *"

The New York Court said:

"* * * Under the construction placed by the defendant upon the clause in issue, it would follow that it would be necessary for plaintiff's wife to stand where she was at the time she first observed the hit and run vehicle and permit herself to be struck by

WHISNANT *v.* INSURANCE CO.

it while continuing her efforts to lock the door of the car. Certainly this cannot be the construction by this court of the terms used by the defendant in writing this policy. Such a determination would be repugnant to every principle of common decency. The plaintiff's wife obeying the primary law of nature did what any other reasonable prudent person would under the same circumstances and desperately tried to save herself from being seriously hurt. Unfortunately she was not successful and for the damages resulting by reason of this accident, the defendant should compensate the plaintiff to the stipulated extent of $500. * * *."

Likewise, in *Saint Paul-Mercury Indemnity Co. v. Broyles,* 230 Miss. 45, 92 So. 2d 252, the driver of the car drove the vehicle into the garage at her home. The concrete floor of the garage sloped toward the driveway and street. She turned the engine off and pulled the hand brake out to hold the car. It locked automatically. She got out of the car, closed the door and walked toward the rear of the car, close by it, until she got to the back of it, and as she stepped into the driveway a foot or so to the rear of the car, she heard the brakes slip and saw the car rolling back toward her. She ran three to five yards, and was struck by the car and seriously injured.

The Court upheld a recovery and said:

"Coverage C should not be disassociated from the purpose and intent inherent in the entire clause so as to limit the meaning of the word 'alighting' to simply the physical act of stepping out of the car and on the ground. See *Birmingham Railway Light & Power Co. v. Glenn,* 1912, 179 Ala. 263, 60 So. 111, 113."

In the case of *Madden v. Farm Bureau Mut. Automobile Ins. Co.,* 82 Ohio App. 111, 79 N.E. 2d 586, the plaintiff was on his way from Cincinnati, Ohio, to Columbus, Ohio, in the automobile described in the policy, and while enroute stopped on Montgomery Road in Norwood, Ohio, to change a tire. He had changed the tire and was in the act of placing the tire which he had removed in the trunk compartment in the rear of the automobile, when he was struck and injured by an approaching car going in the same direction. The Court said:

"* * * It is recited in the policy that the injury must arise out of the use of the automobile with the consent of the insured. Now did this injury arise out of the use of the automobile? Appellant's counsel calls attention to the fact that the plaintiff was placing the tire which he had just removed in the rear of the automobile, and urges that this was not a use of the automobile, but was in fact a maintenance of it, in other words, that it was

placing it in condition for use. But at the time he changed these tires the plaintiff was using the automobile to transport him from Cincinnati to Columbus. The changing of the tires was just as much a part of the use of the automobile for that journey as stopping to replenish the gasoline or oil, or for the change of a traffic light, or to remove ice, snow, sleet, or mist from the windshield. By such acts, the journey would not be abandoned. Such adjustments are a part of the use of the automobile — as much as the manipulation of the mechanism by the operator. By the purpose and intent of the appellee, he was on his way to Columbus and the automobile was being used as the means of transportation.

"So we conclude that the injury was inflicted as the result of the risk insured against.

"* * * It seems to us that it was the intent of the insurer, by the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use. In reaching a conclusion on this subject, not only the act in which the insured was engaged at the time, but also his purpose and intent must be considered. So construed, the entire paragraph creates a field of coverage broader than a narrow construction of the words considered separately and independent of one another would indicate. * * *

"Without attempting to lay down any general rule, we are of the opinion that under the circumstances of this case and under the rule requiring a construction most favorable to the insured, we must hold that the language of this policy must be construed to cover the risk in favor of the plaintiff."

The plaintiff in the instant case at the time of the accident, according to the evidence, had his right hand on the steering wheel of the car in which he had been riding, and was trying to push the car onto the shoulder of the road, when he jumped away from the car in an effort to avoid being hit by a car approaching from the rear of his car at a very high rate of speed and which he thought was going to run into his car.

We hold that plaintiff's injuries arose out of the "use of the automobile" while being used with the permission of the named insured and that the court below committed error in sustaining defendant's motion for judgment as of nonsuit. Moreover, in addition to the above cited cases, the following authorities support this view: *Lokos v. New Amsterdam Casualty Co.,* 197 Misc. 40, 93 N.Y.S. 2d 825, *affirmed* 197 Misc. 43, 96 N.Y.S. 2d 153; *Christoffer v. Hartford Acc. & Indemnity Co.,* 123 Cal. App. 2d Supp. 979, 267 P. 2d 887; *Wolf v. American Cas. Co. of Reading, Pa.,* 2 Ill. App. 2d 124, 118 N.E. 2d 777. *Contra, Green*

*v. Farm Bureau Mut. Automobile Ins. Co.,* 139 W.Va. 475, 80 S.E. 2d 424; *Carta v. Providence Washington Ins. Co.,* 143 Conn. 372, 122 A. 2d 734.

The facts in the instant case are distinguishable from those in the case of *Jarvis v. Insurance Co.,* 244 N.C. 691, 94 S.E. 2d 843.

The ruling of the court below is
Reversed.