[Civ. No. 26080. First Dist., Div. One. Apr. 24, 1970.]

DONALD COCKING, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
Defendant and Respondent.

## COUNSEL

Brown & Kavanagh, Frank M. Brown and Dennis B. Kavanagh for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

## OPINION

**MOLINARI, P. J.**—Plaintiff appeals from a judgment in a declaratory relief action declaring and adjudging that he was not an "insured" under the uninsured motorist provisions of a policy of insurance issued by defendant. The appeal is on an agreed statement of facts.

On January 22, 1966, plaintiff was driving a 1965 Volkswagen owned by John Preston. Preston had given plaintiff permission to drive the car.

On January 22, 1966, the aforementioned Volkswagen was the described motor vehicle in a current State Farm automobile policy (including uninsured motorist coverage) issued by defendant State Farm Mutual Automobile Insurance Company to Preston.

Plaintiff testified that he and several guests left San Rafael with the intent of going to Squaw Valley on the date of the accident. In the vicinity of Colfax on Interstate 80 plaintiff pulled off to the side of the road in a stopping area to put tire chains on the car. It had begun to snow and tire chains were therefore required on all cars. Plaintiff got out of the car and took a bag of tire chains out of the front trunk of the Volkswagen. He then walked to the rear of the car and started to undo the bag containing the chains. Plaintiff was standing from one to four feet behind the car, when an uninsured motorist, Charles Kerr, drove up from behind and struck him with his automobile. Plaintiff was thrown against the Volkswagen so that his whole body was pressed against it.

Plaintiff testified at the trial that he had alighted from the Volkswagen, had gone around to the front and had taken the bag of chains out of the trunk of the car, that he then went to the back of his car and was standing approximately one to four feet away from the car at the time he was struck by the automobile driven by Kerr. Plaintiff further testified that no part of his body was touching the Volkswagen at the time he was struck by Kerr's automobile; and that neither the chains nor the bag containing same were in contact with the Volkswagen at that time. He finally testified that he had been outside the Volkswagen approximately two minutes before the accident occurred and that he had not been reentering the vehicle at the time of the accident.

The insurance policy issued to Preston provided for uninsured motorist coverage. In pertinent part it defined the "insured" as ". . . any other person while occupying an insured automobile" and in turn defined the term "occupying" as follows: "Occupying—means in or upon or entering into or alighting from." These definitions conform substantially with Insurance Code section 11580.2[1] relating to uninsured motorist coverage. The term "insured," insofar as pertinent here, is defined by the code as ". . . . any other person while in or upon or entering into or alighting from an insured motor vehicle . . . ."

The trial court concluded that plaintiff's conduct at the time of the accident was not encompassed within the meaning of any of these terms. It specifically found that plaintiff, at the time he was struck, had been outside the car for approximately two minutes and was standing some one to four feet from it.

---

[1]Unless otherwise indicated, all statutory references are to the Insurance Code.

Plaintiff contends that the trial court, disregarding its duty to liberally construe uninsured motorist provisions (see *Valdez* v. *Federal Mut. Ins. Co.,* 272 Cal.App.2d 223, 226 [77 Cal.Rptr. 411]; *Katz* v. *American Motorist Ins. Co.,* 244 Cal.App.2d 886, 890-891 [53 Cal.Rptr. 669]), abused its discretion by failing to construe the word "upon" to mean "close proximity." He also asserts that he is covered under the subject insurance policy because at the time of the accident he was "using" the vehicle because he was doing something in connection with its "use." He argues that such "use" was related to the act of being "in or upon or entering into or alighting from" the vehicle. In this connection he relies upon the provisions of section 11580.2, which, in pertinent part, provides that "the term 'insured motor vehicle' means the motor vehicle described in the underlying insurance policy of which the uninsured motorist endorsement or coverage is a part, . . . if the motor vehicle is used by the named insured or with his permission or consent, express or implied, . . ."

Defendant, in response, contends that the trial court properly found that plaintiff was not entitled to coverage under the specific terms of the policy because he was neither "in," nor "upon," nor "entering in," nor "alighting from" the Volkswagen at the time of the accident. Defendant also argues that unless plaintiff's position with relation to the vehicle was as described by these terms the fact that he was "using" the vehicle is irrelevant.

Insofar as the uninsured motorist provisions are concerned, the issue presented in this case is one of first impression in this state. The only California case which has considered similar language is *Christoffer* v. *Hartford Acc. etc. Co.,* 123 Cal.App.2d Supp. 979 [267 P.2d 887]. That case involved an action to recover medical payments under an automobile insurance policy, which policy provided for such payments where bodily injury was sustained by a person "while in or upon, entering or alighting from the automobile . . . ." (Pp. 979-980.) When he was struck by another vehicle there the injured person was haunched down near the left rear wheel in the act of either putting a tire on or taking it off the rim. The reviewing court held that the injured person was neither "in" nor "entering" nor "alighting from" the automobile, but was rather "upon" the automobile. The court construed the word "upon" to mean the position where the contact is against the supporting surface rather than above it or "position of contiguity wherein contact and support is from elsewhere than beneath." (P. 983.) Accordingly, the reviewing court concluded that since the injured person's hands were upon the wheel of the automobile he was "upon the automobile." (P. 982.)

Although we are not bound by the holding in *Christoffer,* since it is a

decision of the appellate department of the superior court, we agree with its conclusion. We do not, however, agree with its rationale suggesting that in every instance there must be a physical contact between the injured person and the car he is using. We note that the dictionary definition of the word "upon" includes "in or into close proximity." (Webster's Third New Internat. Dict.) We do not, however, consider that the resolution of the issue turns solely upon the dictionary definition of the words used in the subject clause. That clause, in our judgment, must be read and interpreted in the light of the purpose of the uninsured motorist statute, the provisions of which are a part of the instant insurance policy. (See *Modglin* v. *State Farm Mut. Auto. Ins. Co.,* 273 Cal.App.2d 693, 698 [78 Cal.Rptr. 355]; *Page* v. *Insurance Co. of North America,* 256 Cal.App. 2d 374, 376 [64 Cal.Rptr. 89].) In the recent case of *Barrera* v. *State Farm Mut. Auto. Ins. Co.,* 71 Cal.2d 659, 670-672 [79 Cal.Rptr. 106, 456 P.2d 674], the California Supreme Court observed that it is the policy of this state to provide compensation for those injured by the use of automobiles and through no fault of their own and that, accordingly, statutes applicable to automobile insurance policies, as well as contractual provisions in those policies, must be construed in the light of this public policy. (See also *Inter-insurance Exchange of Auto. Club.* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 154 [23 Cal.Rptr. 592, 373 P.2d 640].) With particular reference to the uninsured motorist coverage, there is ample and significant authority holding that the purpose of uninsured motorist statutes is to give monetary protection to persons who, while lawfully using highways themselves, suffer grave injury through the negligent use of those highways by others. (*Modglin* v. *State Farm Mut. Auto. Ins. Co., supra; Johnson* v. *Oliver,* 266 Cal.App.2d 178, 181 [72 Cal.Rptr. 137]; *Katz* v. *American Motorist Ins. Co., supra,* 244 Cal.App.2d 886, 891 [53 Cal.Rptr. 669]; *Fireman's Fund etc. Co.* v. *Industrial Acc. Com.,* 226 Cal.App.2d 676, 677-678 [38 Cal.Rptr. 336].) Indeed, the pattern is clearly discernible: a desire on the part of the judiciary and the Legislature to not only prevent the astronomical accident toll in this state, but also to provide compensation for those injured through no fault of their own. (*Barrera* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 670; *Interinsurance Exchange of Auto. Club* v. *Ohio Cas. Ins. Co., supra,* at p. 154.)

■ In view of the foregoing we are convinced that the applicable principle is that which has been declared in other jurisdictions in cases involving the interpretation of language similar to that in the instant policy. Such language has been interpreted to mean that coverage is

extended to the person seeking recovery under the policy where he was using the vehicle, either as the named insured or with the latter's permission or consent, express or implied, and where he was in such a position in relation thereto as to be injured in its use. (See *Madden* v. *Farm Bureau Mut. Auto Ins. Co.,* 82 Ohio App. 111 [79 N.E.2d 586, 588]; *Whisnant* v. *Aetna Cas. & Surety Ins. Co.,* 264 N.C. 303 [141 S.E.2d 502, 504-505]; *Wolf* v. *American Cas. Co. of Reading, Pa.,* 2 Ill.App.2d 124 [118 N.E.2d 777, 780]; *Katz* v. *Ocean Acc. & Guar. Corp.,* 220 Misc. 745 [112 N.Y.S.2d 737, 741].) ■ In determining whether the person was in such a position in relation to the vehicle as to be injured in its use, consideration must be given, not only to what the person was doing upon injury, but also to his purpose and intent. (*Madden* v. *Farm Bureau Mut. Auto. Ins. Co., supra; Whisnant* v. *Aetna Cas. & Surety Ins. Co., supra,* at p. 505.)

In *Madden, supra,* the insured was struck by another automobile while leaning forward with the upper part of his body and arms in the rear compartment of his automobile to place therein a tire which he had removed. Under these circumstances recovery was allowed. Recovery was also permitted in *Katz* v. *Ocean Acc. & Guar. Corp., supra,* where the insured's wife, who had parked her husband's automobile and was locking the door on the driver's side, was struck by an oncoming vehicle as she ran to the rear of her automobile in an attempt to escape the oncoming vehicle. Similarly, in *Whisnant, supra,* it was held that the plaintiff's injuries arose out of the "use" of the automobile he was driving with the owner's permission. There, while pushing the stalled automobile onto the shoulder of the road, the plaintiff was struck by another vehicle as he jumped away from the stalled vehicle in an effort to avoid being struck by an automobile approaching from the rear.

In *Wolf, supra,* the circumstances were similar to those in our case. There, the insured's automobile was involved in a collision. The insured got out of his automobile and exchanged identification and license number with the driver of the other automobile. While the insured was standing two or three feet in front of his automobile and while he was in the act of reaching for a pencil to write down his license number, a third automobile struck the rear of the insured's automobile, knocking it forward and hitting him. The insured had been out of his car two or three minutes when the accident occurred. In permitting the insured to recover his medical expenses under the insurance policy the reviewing court observed that the word "upon" connoted some physical relationship enlarging the area defined by the words "entering or alighting" and the word "in." (P. 780.)

■ Adverting to the facts of the present case, we observe first that it is

undisputed that plaintiff was using the insured's Volkswagen permissively. Under the agreed facts it is also evident that plaintiff was performing an act physically and directly related to the car. Since plaintiff was traveling under highway conditions requiring tire chains, his acts of stopping the vehicle to put chains on, and of undoing the bag containing the chains while in close proximity to the car, clearly suggest his intent to place those chains on the car's tires. Accordingly, we hold that plaintiff's position preparatory to placing the chains on the tires of the car put him in the requisite physical relationship to the car. His injury while in that position, therefore, occurred while he was "using" the car and while he was "upon" the Volkswagen within the meaning of the policy and section 11580.2.

Since the facts in this case are stipulated to and the appeal is from the judgment, it is unnecessary to order a new trial. (*Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 844, 854 [264 P.2d 539]; *Venne* v. *Standard Acc. Ins. Co.,* 171 Cal.App.2d 242, 248 [340 P.2d 30]; see *City of Eureka* v. *McKay & Co.,* 123 Cal. 666, 673 [56 P. 439].) Under the findings of the trial court upon the agreed facts, a judgment may be entered in favor of plaintiff in view of our interpretation of the meaning of the subject clause in the policy. The judgment of the trial court, is, therefore, reversed and the cause remanded with directions to the trial court to enter a judgment in favor of plaintiff ordering defendant to extend uninsured motorist coverage to plaintiff, to arbitrate his claim for such coverage on account of the accident which is the subject of these proceedings, and to pay to plaintiff any damage determined to have been sustained by him as a proximate result of said accident.

Sims, J., and Elkington, J., concurred.