[Civ. No. 12186. Fourth Dist., Div. Two. Mar. 12, 1973.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
Plaintiff and Respondent, v.
WILLIAM R. SPANN, Defendant and Appellant.

## Counsel

James P. Slack for Defendant and Appellant.

Hunt, Liljestrom & Wentworth, Roger Liljestrom and Jon Paradis for Plaintiff and Respondent.

## Opinion

**GABBERT, J.**—Appellant William Spann timely appeals an adverse judgment entered on April 7, 1972, in an action which was brought by respondent both for declaratory relief and for a permanent injunction against uninsured motorist arbitration. The judgment enjoins such arbitration, holding appellant's accident and consequent injuries did not arise out of the ownership, maintenance, or use of an uninsured motor vehicle. Appellant here attacks this determination on the ground the trial court disregarded its duty to liberally construe policy provisions in favor of the insured party. Respondent defends the judgment on the ground, among others, that no evidence was adduced at the hearing to show the uninsured

motorist was "maintaining" or "using" his uninsured vehicle at the time of the accident.

On or about September 26, 1970, at approximately 12:30 a.m., Spann was driving his 1968 Sand Buggy south in the number three lane—the slow lane—of southbound traffic on the Santa Ana Freeway. At that time, Spann had in force a policy of insurance with State Farm which provided uninsured motorist coverage for damages the responsibility of "the owner or operator of an uninsured motor vehicle . . . [due to] bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle. . . ."

At that time and place, one Vinicio H. Mendoza was on foot in the middle of the southbound number three lane. Spann observed Mendoza and applied his brakes momentarily before striking Mendoza with the front of his vehicle. The *impact* between the vehicle and Mendoza took place while Mendoza was still in the same location, i.e., the middle of the southbound number three lane. Mendoza, who died from injuries suffered in the accident, had a blood alcohol level of at least 0.28 percent at the time of the accident.

Following the impact with Mendoza, Spann's vehicle went out of control and struck a guard rail located south of the original point of impact with Mendoza. This second impact with the guard rail caused the injuries for which Spann claims coverage under the terms of his uninsured motorist policy with State Farm.

At the time of the accident, a 1961 Ford Thunderbird was parked on the improved shoulder of the freeway. The court, in its findings of fact, inferred that this vehicle brought Mendoza to the scene of the accident. The court then found Spann did not see the Thunderbird until after the accident.

There is *no evidence* in the record which provides any clue as to the proximity of Mendoza to his Thunderbird *at the time of impact* between Spann's vehicle and Mendoza. The record does show the position where Mendoza's body came to rest after the impact—some 34 feet south of the Thunderbird according to the police report—but this information is of questionable relevance absent expert testimony as to how far a person of Mendoza's size would have been thrown by the vehicular impact. Since the collision apparently occurred while Spann was traveling 50-55 miles per hour, it is conceivable that Mendoza's body could have been hurled a considerable distance from the point of impact.

Appellant Spann cites *Cocking* v. *State Farm Mut. Automobile Ins. Co.*, 6 Cal.App.3d 965 [86 Cal.Rptr. 193], and cases cited therein, for the

proposition that a driver outside of a vehicle can, under some circumstances, be said to be "using" the vehicle for purposes of uninsured motorist coverage. In *Cocking* the injured driver, insured as a permissive user, was standing *one to four feet* away from the vehicle, and was preparing to put on tire chains, which were required by highway conditions. The court there found, upon examining the injured driver's *purpose and actions,* that the requisite physical relationship to the vehicle was satisfied and the insured was consequently injured while "using" the vehicle.

The instant case is evidently one of first impression. All cases cited by appellant, whether from California or elsewhere, have construed the term "use" as it is applied to the *insured's use* of his vehicle. This case involves construction of the term "use" as applied to the uninsured motorist's use of a vehicle.

The uninsured motorist coverage required by Insurance Code, section 11580.2 primarily insures against damage caused by the negligence or wilful maliciousness of an uninsured motorist who is "using" his vehicle in a manner within the reasonable expectation of the parties. Such coverage is not intended to—and does not—act as a substitute for general (and not merely automotive) liability coverage of persons like Mendoza who, by chance, happen also to be uninsured motorists. (*Farmers Ins. Exchange* v. *Hansel,* 12 Cal.App.3d 570, 574 [90 Cal.Rptr. 654].) Here, as earlier stated, there is *no evidence* indicating the proximity of Mendoza to his Thunderbird *at the time of impact* between Spann's vehicle and Mendoza. Conceivably he (Mendoza) could have been 50 to 100 or more feet north of his Thunderbird, wandering about aimlessly in a highly intoxicated condition. No reported opinion among those analogous cases concerning an *insured's* "use" of his vehicle involves a finding of the requisite "use" absent some evidence of a causal connection between the "use" *of a vehicle* and the injury.

In a declaratory relief action the insured must prove coverage under the policy. This burden of proof rests with the insured even when it is the insurer which institutes the action for declaratory relief. (*American Home Assurance Co.* v. *Essy,* 179 Cal.App.2d 19, 23 [3 Cal.Rptr. 586].) The primary rationale for this position is that, while the insurer in a declaratory relief action is the nominal plaintiff, its position is no less defensive than if the insured had brought the proceeding to determine liability. To place the burden of proof on the insurer would, put it in a position of undue disadvantage—penalizing it for exercising its right to institute declaratory relief proceedings, and, in effect, imposing the burden

of proof—a heavy burden—on the party which (fortuitously) first brings suit. (*Ibid.,* p. 22.)

Appellant, at the hearing, offered *no evidence* on the proximity of Mendoza to his vehicle at the time of impact, and is unable to find such evidence among that offered by respondent. Appellant thus necessarily has failed to prove a causal connection between his injury and an alleged "use" or "maintenance" by Mendoza of the uninsured Thunderbird. This failure of proof is fatal to appellant since, as has been noted, he has the burden of proof as to the policy's coverage. The judgment is therefore affirmed.

Gardner, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied March 29, 1973, and appellant's petition for a hearing by the Supreme Court was denied June 20, 1973.