15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Andres MENDOZA, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, INC., the Automobile
Insurance Company of Hartford, Connecticut,
Defendant-Appellee.
 No. 92-16566.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided Jan. 24, 1994.
 
 Before: GOODWIN, WIGGINS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andres Mendoza appeals the district court's partial grant of summary judgment in favor of Aetna Casualty & Surety Co., Inc. ("Aetna"). We affirm.
 
 
 3
 The following facts were found by the district court and are not in dispute. On July 31, 1988, Andres Mendoza's housemate, Cipriano Equia, asked him to run an errand to retrieve boxes stored at various sites and which were needed for packing and cleaning. Equia gave Mendoza permission to use his van, which was insured by Aetna, in completing this errand.
 
 
 4
 Having retrieved boxes from various locations, Mendoza made a final stop at the home of Equia's father-in-law, Leopoldo De La Cruz. Mendoza parked the van across the street from De La Cruz's home, exited the van, and locked all of its doors. Returning to the front of the vehicle, Mendoza checked to see that no traffic was coming and stepped into the street. When Mendoza was about two steps from the van an uninsured vehicle approached, struck Mendoza from the left, and severely injured him.
 
 
 5
 Aetna rejected Mendoza's subsequently filed claim for indemnification under the "Uninsured Motorist Coverage" provision of Equia's insurance policy on the ground that Mendoza did not qualify as a "covered person" under the terms of the policy. Specifically, Aetna claimed that Mendoza was neither a member of Equia's "family" nor was he "occupying" the covered vehicle at the time of injury, as required by the policy.
 
 
 6
 On February 13, 1991, Mendoza filed a complaint for declaratory relief in state court seeking a declaration that his claim for bodily injury was covered under the uninsured motorist and medical payments provisions of the Aetna policy. The case was removed to federal district court where Aetna filed a motion for summary judgment. The district court granted summary judgment on the issue of whether Mendoza was "occupying" the covered vehicle at the time of injury. A bench trial was held on the issue of whether Mendoza was a "family member" of the named insured, and judgment was entered on behalf of Aetna. Mendoza appeals solely the partial grant of summary judgment.
 
 
 7
 Mendoza contends that he was occupying the van at the time of the accident and is therefore entitled to coverage under the Aetna policy. California law requires that all automobile liability insurance policies issued in the state contain a provision covering costs resulting from bodily injury caused by an uninsured motorist and which the insured, or a permissive user of the insured's vehicle, is legally entitled to recover as damages. Cal.Ins.Code Sec. 11580.2. Here, the Aetna policy provides coverage for a permissive user who was "occupying" the insured vehicle at the moment of injury, and defines occupying as "in, upon, getting in, on, out or off."
 
 
 8
 Mendoza cites two California cases in support of his claim that he is a "covered person" under the policy. Utah Home Fire Ins. Co. v. Fireman's Fund Ins. Co., 14 Cal.App.3d 50 (Cal.Ct.App.1970); Cocking v. State Farm Mutual Auto. Ins. Co., 6 Cal.App.3d 965 (Cal.Ct.App.1970). In Utah Home Fire Ins. Co. v. Fireman's Fund, Patin was hit by an uninsured vehicle while leaning on the door of his friend's Cadillac. The court found that Patin had been "using" his friend's vehicle at the time of impact, and therefore was entitled to coverage as a permissive user under his friend's policy. 14 Cal.App.3d at 54.
 
 
 9
 In Cocking v. State Farm, Cocking was standing from one to four feet behind a friend's volkswagen that he had borrowed, and was fiddling with a bag of tire chains which, due to bad weather conditions, were required to be mounted on the vehicle. An automobile driven by an uninsured motorist struck Cocking, throwing him against the volkswagen. 6 Cal.App.3d at 967. Although Cocking was not in physical contact with the volkswagen immediately prior to impact, the state appellate court found coverage under a policy with language similar to the present case.
 
 
 10
 In contrast to the above two cases, no coverage was found in Menchaca v. Farmers Ins. Exch., 59 Cal.App.3d 117 (Cal.Ct.App.1976). In Menchaca, a woman and her boyfriend were struck by an uninsured motorist while walking toward the boyfriend's car. The woman sought coverage under her boyfriend's policy. Although the woman testified that she intended to proceed directly to the car, the court denied coverage, holding that "her injuries did not result from her being in close proximity to the car or from her performance of acts 'physically and directly related to the car' or its use." Id. at 129; accord Mullins v. Mayflower Ins. Co., 9 Cal.App.4th 416 (Cal.Ct.App.1992).
 
 
 11
 Here, the factual dispute regarding whether Mendoza was touching the van with his hand immediately prior to or during the impact with the uninsured vehicle is immaterial, as California courts have held that physical contact with the insured vehicle is not required. See, e.g., Cocking v. State Farm, 6 Cal.App.3d at 969. The injured party need be only in close proximity to the insured vehicle to be covered. Mullins v. Mayflower Ins. Co., 9 Cal.App.4th at 419-420. It is undisputed that Mendoza was in close proximity to the van. However, under California law we must also analyze (1) the intent and purpose of the claimant, Cocking v. State Farm, 6 Cal.App.3d at 970; and (2) whether the claimant's acts were physically and directly related to the insured vehicle. Menchaca v. Farmers Ins. Exch., 59 Cal.App.3d at 129; Mullins v. Mayflower Ins. Co., 9 Cal.App.4th at 420.
 
 
 12
 Mendoza argues that the expected use of the van necessarily included the loading of cargo and crossing of streets in order to pick up that cargo. Therefore, Mendoza contends, he was engaged in acts physically and directly related to the van, and directs us to two out-of-state cases to support this contention. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Olson, 751 P.2d 666 (Haw.1988) (ambulance driver injured while lighting flare at scene of accident "using" motor vehicle as defined by insurance policy); Rau v. Liberty Mut. Ins. Co., 585 P.2d 157 (Wash.Ct.App.1978) (truck driver, injured while returning to truck after stopping to ask directions, covered under uninsured motorist provision).
 
 
 13
 California courts have not construed the language of uninsured motorist coverage provisions so broadly. Here, crossing the street was no more essential to the use of the van or the loading of boxes onto the van than using the crosswalk was to the use of the vehicle in Menchaca v. Farmers Ins. Exch. Thus, we cannot say that Mendoza's actions were physically and directly related to the van. Furthermore, Mendoza had exited and locked the van before attempting to cross the street. Mendoza's intent and purpose were no longer "vehicle oriented" at the time of the accident as in Cocking v. State Farm, but rather "street oriented." The causal connection between the use of the van by Mendoza and his injury is more attenuated than in Utah Home Fire Ins. Co. v. Fireman's Fund, where the injured party could plainly be said to have been "upon" the vehicle. We decline to find coverage in view of the clearly enunciated principles contained in state court precedent.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3