DECISION AND JOURNAL ENTRY
Appellant Allstate Insurance Company (Allstate) appeals from denial of its Summary judgment motion and the grant of Summary judgment declaring Plaintiff Appellee Michael Williams (Williams) to be an insured under its policy. We reverse.
On May 24, 1997 at 2 a.m. Williams while on duty as a Norton police officer, stopped to investigate a car that had pulled off the roadway onto the paved berm of Interstate 76 (I-76). Williams activated his blue and red lights and pulled his cruiser in behind the stopped vehicle.
Williams got out of his cruiser and approached the stopped car. Upon Williams approaching the vehicle, Stafford handed him her license and told him she was lost and had missed her exit.
As Williams was standing by Stafford's vehicle, Williams looked back and saw headlights coming towards him. He screamed, heard a crash, and jumped onto the hood or used his hands to vault across the hood of Stafford's vehicle to avoid Bache's car from striking him. He landed on the hood with his chest and the front part of his body and then rolled off the hood onto the ground.
Unfortunately, Bache's vehicle struck William's right ankle area while he was on the hood or rolling off of it.
As a result of this accident Williams filed suit against Bache and Stafford. Allstate and Grange Mutual Casualty Insurance Company (Grange) were named as Defendants, also. Allstate was named as a defendant because as Stafford's insurer, it also provided Uninsured Motorist/Underinsured Motorist (UM/UIM) coverage that could potentially cover William's injuries.
Allstate filed a motion to dismiss. This motion was converted to a motion for Summary judgment. Williams and Grange filed motions in opposition. The trial court denied Allstate's motion. Grange and Williams then filed a motion for partial Summary judgment that was granted wherein the trial court declared that Williams was entitled to UM/UIM coverage under the Allstate policy. A jury trial was subsequently held solely on damages and Williams was awarded $40,000.
Allstate appeals the trial court's rulings and has assigned three errors on appeal.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN DECIDING PLAINTIFF/APPELLEE, MICHAEL WILLIAMS, WAS OCCUPYING THE STAFFORD VEHICLE AS A MATTER OF LAW, THEREAFTER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF/APPELLEE AND DENYING SUMMARY JUDGMENT OF DEFENDANT/APPELLANT, ALLSTATE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER THE PLAINTIFF WAS ENTITLED TO AVAIL HIMSELF ON THE UNINSURED/UNDERINSURED MOTORIST PROVISION IN THE POLICY OF INSURANCE PURCHASED BY LISA STAFFORD.
 "In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994), 95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the nonmoving party, reasonable minds must only be able to reach a conclusion that is adverse to the nonmoving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, limiting Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus. Once this initial burden is met, the nonmoving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Dresher, 75 Ohio St.3d at 293; Civ.R. 56(E).
This Court reviews summary judgment de novo. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 [N]o genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the moving party.
 State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence
of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
Allstate claims the trial court erred in denying its motion for summary judgment and in granting partial summary judgment in favor of Grange. This Court agrees. The pertinent provisions of the Allstate Auto Insurance Policy provides as follows:
AMENDMENT OF POLICY PROVISIONS — OHIO
Part 3
 Uninsured Motorist Insurance
Coverage SS
 Section 1 Uninsured Motorists Insurance for Bodily Injury
 General Statement of Coverage If a Premium is shown on the Policy Declarations for Uninsured
 Motorists Insurance, we will pay those damages which an insured person or an additional insured person:
 is legally entitled to recover from the owner or operator of an uninsured auto, or because of bodily injury sustained by an Insured person or an additional Insured person.
 The bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured auto.
 An Uninsured Auto is:
 5. an underinsured motor vehicle which has liability protection in effect and applicable at the time of the accident in an amount equal to or greater than the financial responsibility laws of Ohio, but less than the limits of liability for Uninsured Motorists Insurance shown on the Policy Declarations.
 Section 3 Additional Provisions
 Additional Definitions for Part 3
2. "Additional Insured Person(s)" means:
 a. any other person occupying, but not operating, an Insured auto.
 b. any other person who is legally entitled to recover because ofbodily injury to a person occupying, but not operating, an insured auto.
 General Policy
Part 2
 Automobile Medical Payments Coverage CC
Additional Definitions for Part 2
"Insured Person(s)" means:
 b. Any other person who sustains bodily injury while in, on, getting into or out of, or getting on or off of:
 Your insured auto while being used as a vehicle by you, a resident relative, or any other person with your permission.
 The Ohio Supreme Court has held that "occupying" should be liberally construed to permit recovery for injuries sustained while an insured was performing tasks intrinsically related to the operation of the vehicle. See Kish v. Central Natl. Ins. Group (1981), 67 Ohio St.2d 41, 51-52, citing Robson v. Lightning Rod Mutl. Ins. Co. (1978), 59 Ohio App.2d 261 and Madden v. Farm Bur. Mut. Auto Ins. Co. (1948), 82 Ohio App. 111. The court has also opined that the analysis should take into account the immediate relationship the claimant has with the vehicle, within a reasonable geographic area. See Joins v. Bonner
(1986), 28 Ohio St.3d 398, 401. In the case at bar, however, Williams was not performing a task intrinsically related to the operation of Stafford's car. See, e.g., State Farm Mutual Auto Insurance co. v. Counts (1990), Ohio App., Lexis 4945 (9th District, claimant held "occupying" when injured was underneath vehicle working on it); Halterman v. Motorists Mut. Ins. Co. (1981), 3 [*12} Ohio App. 3d 1 (claimant held "occupying" vehicle when injured siphoning gasoline into the insured vehicle); Robson v. Lightning Rod Mut. Ins. Co. (1978), 59 Ohio App.2d 261 (claimant held "occupying" vehicle when injured loading a stereo into the trunk of the insured vehicle); Madden v. Farm Bureau Mut. Auto. Ins. Co. (1948), 82 Ohio App. 111 (claimant held "occupying" vehicle when injured placing a tire in the truck of the insured vehicle). Although Williams was standing beside Stafford's car, it is clear from the record that Williams was neither inside the vehicle nor attempting to operate, load or repair it. Thus, even a liberal construction of "occupying" cannot bring the instant facts within the ambit of the term. This Court, therefore, concludes that Williams was not "occupying" Stafford's car as meant under the policy. The trial court's determination was not in error. Allstate's assignments of error I and II are sustained.
 Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BATCHELDER, P.J. SLABY, J. CONCUR CARR, J.
DISSENTS, SAYING:
I respectfully dissent as I feel Williams was "occupying" the car under either the Kish and/or Joins tests. First, Williams, in his official capacity, was assisting a lost motorist to get to a place of safety, and second, he was either on her car or immediately beside her car when struck by the other vehicle. I would affirm.